# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

v.

PEDRO RINCON GARCIA, a/k/a
Antonio Sandoval,
               *Defendant-Appellant.*

No. 00-4619

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-792)

Submitted: September 25, 2001

Decided: October 15, 2001

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James T. McBratney, Jr., Florence, South Carolina, for Appellant.
William Early Day, II, Assistant United States Attorney, Florence,
South Carolina; Thomas Ernest Booth, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Pedro Rincon Garcia appeals from his conviction and 180 month sentence for conspiracy to import marijuana (21 U.S.C. § 963 (1994)); unlawfully importing marijuana (21 U.S.C. § 952 (1994)); conspiracy to possess with intent to distribute marijuana (21 U.S.C.A. §§ 841(a)(1), 846 (West 1999)); and possession with intent to distribute marijuana (21 U.S.C.A. § 841(a)(1) (West 1999)). Garcia's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but raising the issue of sufficiency of the evidence. Garcia has filed a supplemental pro se brief raising the additional issue of whether his conviction and sentence violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm.

In reviewing a sufficiency of the evidence claim on appeal, we must sustain the verdict if the record contains "substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). Applying this standard, we give due regard to the fact finder's prerogative to resolve questions of credibility. *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996). We conclude that the Government presented sufficient evidence for a reasonable trier of fact to find Garcia guilty of the charges listed in the indictment beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

Regarding Garcia's claim that he was sentenced beyond the statutory maximum, we have considered Garcia's sentence under the rule announced in *Apprendi v. New Jersey*, 503 U.S. 466 (2000), and find no error. Garcia's term of imprisonment does not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(D) (West 1999). *United States v. White*, 238 F.3d 537, 542-43 (4th Cir.), *cert. denied*, ___ U.S. ___, 121 S. Ct. 2235 (2001).

Accordingly, we affirm Garcia's conviction and sentence. We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*